**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

OSVALDO JIMENEZ-VIDAL

Plaintiff

v.

RG MORTGAGE CORPORATION

Defendant

**Civil No. 09-1795 (SEC)**

**OPINION AND ORDER**

Pending before this Court is *pro se* Plaintiff Osvaldo Jimenez-Vidal's[1] ("Plaintiff") motion for withdrawal of reference (Docket # 1), RG Mortgage Corporation's ("RG") opposition thereto (Docket # 9), and Plaintiff's reply[2] (Docket # 10).[3] After reviewing the filings, and the applicable law, Plaintiff's motion is **DENIED**.

**Factual and Procedural Background**

On August 12, 2009, Plaintiff filed a motion to withdraw reference under Puerto Rico Bankruptcy Local Rule 5011-1. Docket # 1. In essence, Plaintiff sets forth claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, alleging that RG discriminated against him due to his disability, and violated his constitutional rights. According to Plaintiff, his home was sold at auction despite the bankruptcy court's stay, and in total disregard of his disabilities. In

---

1 Plaintiff is hearing impaired, and as such, was represented by his mother Maria T. Vidal, who was later assigned as his guardian *ad litem*.

2 Plaintiff's "Motion to Request Relief Sought in the Withdraw of Reference" at Docket # 10 will be considered as a Reply to RG's response.

3 Plaintiff avers that RG's response cannot be considered by this Court. However, this Court has ample discretion in the management of its cases. Moreover, our rulings are based upon the record, and the applicable law, not the parties' respective arguments. As such, Plaintiff's argument lacks merit.

opposition, RG argues that dismissal of the instant motion is proper on several grounds. RG first points out that Plaintiff has raised the same issues before bankruptcy, state and federal courts in the past three years to no avail. Specifically, RG notes that Plaintiff's 2008 suit in the United States District Court for the District of Puerto Rico against RG for the foreclosure of his property in alleged violation of the Rehabilitation Act was dismissed with prejudice, and was affirmed on appeal. See Civil Case No. 08-1252 (ADC)("08-1252 (ADC)"); see Docket # 11. Second, RG contends that Plaintiff's argument regarding RG's alleged violation of the automatic stay was properly addressed in Bankruptcy Petitions 06-3693-ESL13 ("06-3693-ESL13"), and 08-8211-SEK13 ("08-8211-SEK13"). Third, RG notes that in 08-8211-SEK13, the Bankrupcty Court determined that the sale of Plaintiff's former residence was not voidable, and as a result, the property was not part of the estate in said bankruptcy proceedings. Alternatively, RG contends that issues raised in the present motion are core bankruptcy proceedings, *i.e.*, whether the automatic stay was in effect when the judicial sale took place, that are not subject to withdrawal of reference. In his reply, Plaintiff reasserts his previous arguments.

Upon reviewing the record in 08-1252 (ADC), 06-3693-ESL13, and 08-8211-SEK13, this Court finds the facts are as follows.[4] On October 2, 2006, Plaintiff filed for bankruptcy under Chapter 13, seeking to save his home from foreclosure initiated by RG in 2005 as a result of Plaintiff's failure to make the allotted payments. See 08-8211-SEK13, Docket #53. Shortly thereafter, on December 4, 2006, Judge Enrique S. Lamoutte-Inclan ("Judge Lamoutte")

---

[4] Plaintiff's motions to the bankruptcy courts, and this district are convoluted at best, and fail to raise his claims above a speculative level, as required by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). However, since said courts did not address this issue, and he appeared *pro se*, this Court will rule on the present motion based upon the relevant facts in the prior bankruptcy and district court cases.

dismissed the case because of Plaintiff's failure to file the required documents, to wit, the chapter 13 plan, schedules, the statement of financial affairs, and official form B-22C. See 06-3693-ESL13, Docket # 11. Plaintiff, through his mother Maria T. Vidal, then sought to set aside the dismissal, arguing that his failure to timely comply with the court's order was due to his disability, failure to understand English, and lack of financial resources to retain counsel. 06-3693-ESL13, Docket # 12. In light of Plaintiff's request, Judge Lamoutte granted RG and trustee Alejandro Oliveras Rivera, 20 days to oppose. 06-3693-ESL13, Docket # 13. In response, RG moved for dismissal. 06-3693-ESL13, Docket # 16. Plaintiff did not respond to RG's request for dismissal within 30 days, as ordered by the bankruptcy court. As a result, the motion to set aside the previous dismissal order was denied (06-3693-ESL13, Docket # 19), and the case was closed on June 28, 2007 (06-3693-ESL13, Docket # 22).

On September 20, 2007, Plaintiff moved to reopen the case, arguing once again that he was hearing impaired, unable to communicate in English, and could not afford counsel. 06-3693-ESL13, Docket # 23. The bankruptcy court granted RG and the trustee 30 days to reply to Plaintiff's motion, and noted that the possible "reopening of the case entail[ed] the payment of reopening fees." 06-3693-ESL13, Docket # 24. In their respective replies, RG and the trustee did not oppose Plaintiff's request to reopen the case. 06-3693-ESL13, Dockets ## 26 & 27.

On October 29, 2007, Plaintiff filed a motion informing that on October 17, 2007 Plaintiff was ordered to leave his home because it had been sold at public auction. 06-3693-ESL13, Docket # 28. However, Plaintiff did not submit reopening fees as ordered at Docket # 24. Notwithstanding, there being no opposition to reopen the case, on November 9, 2007, Judge Lamoutte granted Plaintiff's request to reopen the case, "subject to the debtor appearing through counsel and payment of reopening fees within thirty days." 06-3693-ESL13, Docket # 29. He also warned that "[i]f [Plaintiff] fail[ed] to comply, the case [would] be dismissed." Id.

Accordingly, in light of Plaintiff's failure to comply with the above-mentioned order, the case was once again dismissed, and subsequently closed on October 17, 2008. 06-3693, Docket # 31. On January 25, 2008, Plaintiff filed a motion asserting that he was discriminated against because of his disability. 06-3693-ESL13, Docket # 33. To this, Judge Lamoutte pointed out that dismissal of the bankrupcty case was without prejudice to any legal action before the appropriate federal or state forums. 06-3693-ESL13, Docket # 34.

Consequently, on February 28, 2008, Plaintiff filed an "urgent appeal" before the United States District Court for the District of Puerto Rico, 08-1252 (ADC), arguing that RG discriminated against him because of his disability, and foreclosed his home in violation of Section 504 of the Rehabilitation Act. 08-1252 (ADC), Docket # 2. District Court Judge Aida Delgado-Colon ("Judge Delgado") ordered RG to inform the status of the foreclosure case filed before the Humacao Superior Court, if a judgment was entered or executed in said case, the total amount owed to RG, whether Plaintiff was represented by counsel at the state proceedings, and any jurisdictional issues. 08-1252 (ADC), Docket # 21. RG informed that the Humacao Superior Court entered judgment of foreclosure on October 25, 2005, and the property was sold at public auction on October 17, 2008, thus no amount was due at that time. 08-1252 (ADC), Docket # 24. RG further noted that Plaintiff was represented by Alberto Alvarez-Villa during the foreclosure proceedings. Id. Shortly thereafter, RG moved for dismissal arguing that Plaintiff's complaint was insufficient, insofar as he failed to set forth specific facts showing a violation of the Rehabilitation Act. Moreover, according to RG, Plaintiff was not denied participation, benefits, or discriminated against because of his disability. 08-1252 (ADC), Docket # 27. RG further noted that federally guaranteed loans do not qualify as federal financial assistance, thus the Rehabilitation Act was inapplicable. Id.

In the *interim*, Plaintiff filed a second bankruptcy petition under Chapter 13. 08-8211-SEK13, Docket # 1. Therein, Plaintiff reargued that his home was sold at public auction while the automatic stay was in effect in 06-3693-ESL13. After several hearings, on March 31, 2009, Judge Sara E. De Jesús-Kellog ("Judge De Jesús") issued an order noting that the "[t]he issue at hand [was] whether the automatic stay was reimposed when [Judge Lamoutte][sic] entered the conditional reopening of [Plaintiffs'] previous bankruptcy case on December 4, 2007, thereby invalidating the sale of [Plaintiff's] residence." 08-8211-SEK13, Docket # 42. On this front, citing 11 U.S.C. § 362(e)(1), Judge De Jesús held that the issue was moot since "the automatic stay ha[d] been lifted by operation of law." Id. Specifically, the case has been previously dismissed, and closed pursuant to Judge Lamoutte's orders. Plaintiff then moved for reconsideration, reiterating that RG obtained title of the property in violation of the automatic stay issued in 06-3693-ESL13. 08-8211-SEK13, Docket # 45. Another hearing was held on May 8, 2009, in the Spanish language so that Plaintiff's guardian *ad litem* could understand the bankruptcy court's ruling. See 08-8211-SEK13, Dockets # 52. In its May 15, 2009, Opinion and Order, Judge De Jesús denied Plaintiff's request for reconsideration, pointing out:

> ...Judge Lamoutte's orders contained conditions precedent. These required that the [Plaintiff] obtain Counsel and pay reopening fees. The orders also appraised the [Plaintiff] of the consequences of non compliance. The record shows the [Plaintiff] did not comply, and so, the case was not reopened and remained dismissed. Both dismissal and closing of a case terminate the automatic stay. 11 U.S.C. § 362(c)(2)(A) & (B). Hence, actions taken by RG to execute its lien took place while that case was not only dismissed, but also closed. Therefore, since that case was never reopened and the dismissal was never vacated, the automatic stay was never 'reimposed by [Judge Lamoutte's] orders.'

Judge De Jesús also noted that Judge Lamoutte "exercised extreme caution and patience," granting Plaintiff several opportunities to continue his petition, but Plaintiff instead ignored his orders. Id. Lastly, she pointed out that as Judge Lamoutte correctly noted, Plaintiff's "possible defenses against the foreclosure could be brought in another court with subject matter

and personal jurisdiction, as the dismissal was without prejudice," and as a matter of fact, there was ongoing litigation in the United States District Court for the District of Puerto Rico, *i.e.*, 08-1252 (ADC). Id. Subsequently, Judge De Jesús granted Plaintiff's request for withdrawal of reference, and on August 10, 2009, referred the same to case 08-1252 (ADC), pending before Judge Delgado.[5] 08-8211-SEK13, Docket # 63.

Upon RG's request (08-1252, Dockets ## 27 & 31), and considering Judge De Jesús' decision, on October 22, 2009, Judge Delgado dismissed Plaintiff's claims, finding that he "failed to present valid defenses to the foreclosure procedures filed before the Puerto Rico State Court and that proceedings have concluded before the Bankruptcy Court." 08-1252 (ADC), Docket # 35. She also noted that "at state level plaintiff was duly represented by counsel and that foreclosure proceedings were properly conducted." 08-1252 (ADC), Docket # 35.

**Standard of Review**

Under 28 U.S.C.A. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section and may enter appropriate orders and judgments, subject to review under section 158 of this title." Notwithstanding, Subsection 157(d) allows some matters properly before a bankruptcy judge to be withdrawn to a district court for resolution. Specifically, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate

[5] Notwithstanding, the motion for withdrawal of reference was assigned to the Undersigned.

commerce." 28 U.S.C.A. § 157(d). While the first part of the cited section refers to permissive withdrawal, the second part relates to the mandatory withdrawal of reference. Alfonseca-Baez v. Doral Fin. Corp., 376 B.R. 70, 72-73 (D.P.R. 2007).

Mandatory withdrawal of reference seeks "to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy code." Alfonseca-Baez, 376 B.R. at 73 (citing In re Ponce Marine Farm, Inc. V. Browner, E.P.A., 172 B.R. 722, 724 (D. P.R. 1994). Notwithstanding, courts have interpreted mandatory withdrawals narrowly, "because to do otherwise would eviscerate much of the work of the bankruptcy courts." Alfonseca-Baez, 376 B.R. at 73. Moreover, it would "create an escape hatch by which bankruptcy matters could easily be removed to the district court." Alfonseca-Baez, 376 B.R. at 73 (citing Fajardo, 227 B. R. at 765). Accordingly, "mandatory withdrawal is proper only where resolution of the adversary proceeding involves substantial and material consideration of non-bankruptcy federal statutes." Alfonseca-Baez, 376 B.R. at 73 (citing Ponce, 172 B. R. at 724). Interpreting the foregoing, this district has held that "the consideration of non-code law must entail more than routine application of federal non-code law to the facts." Id. Therefore, "the mere presence of a non-title 11 issue, even if it is outcome-determinative, does not require mandatory withdrawal." Alfonseca-Baez, 376 B.R. at 73 (citations omitted). Instead, for "mandatory withdrawal to be required 'non-code issues [must] dominate the bankruptcy issues.'" Alfonseca-Baez, 376 B.R. at 73 (citing Ponce, 172 B.R. at 724).

Similarly, permissive withdrawal of reference has been narrowly construed, and may occur only "for cause shown." Fajardo, 227 B.R. at 765; see also Alfonseca-Baez, 376 B.R. at 74; Ponce, 172 B.R. at 724. Section 157(d) grants broad discretion to the district court "on whether a case should be heard before the bankruptcy court or the district court." Fajardo, 227

B.R. at 765. As such, the movant must show that there is cause for the district court to withdraw the reference. Id.; Alfonseca-Baez, 376 B.R. at 74; Ponce, 172 B.R. at 725. In determining whether permissive withdrawal is proper, courts have considered the "uniformity in bankruptcy administration, reducing forum shopping, and confusion, fostering the economical use of the debtor's and creditor's resources, and expediting bankruptcy process." Alfonseca-Baez, 376 B.R. at 74 (citing Fajardo, 227 B.R. at 765).

However, this district adopted the Fourth Circuit's approach on this front, in that courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Alfonseca-Baez, 376 B.R. at 74 (citing Fajardo, 227 B.R. at 765). This approach is based upon the fact that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and the issues." Alfonseca-Baez, 376 B.R. at 75 (citing Fajardo, 227 B.R. at 765). Thus when a core-issue is in dispute, permissive withdrawal is not favored. Id.

**Applicable Law and Analysis**

Plaintiff's withdrawal of reference hinges on two issues: whether the automatic stay was in effect when his property was sold at auction, and whether he was subject to discrimination because of his disability during the foreclosure proceedings. We will discuss each issue in turn.

*Automatic Stay*

Plaintiff argues that the automatic stay was in effect between September 25 and October 29, 2007. Specifically, he posits that the bankruptcy case was reopened on September 25, 2007, pursuant to his request, thus the public sale that took place on October 17, 2007 was unlawful.

However, upon reviewing the record, this Court notes that 06-3693-ESL13 was closed on June 28, 2007. 06-3693-ESL13, Docket # 22. Plaintiff then moved to reopen the case on

September 20, 2007. 06-3693-ESL13, Docket # 23. On September 25, 2007, the bankruptcy court merely granted RG and the trustee 30 days to reply to Plaintiff's motion, and noted that the possible "reopening of the case entail[ed] the payment of reopening fees." 06-3693-ESL13, Docket # 24. Thus Judge Lamoutte did not grant Plaintiff's request. Instead, he set deadlines for RG and the trustee's responses, and expressly noted that if the case was reopened, Plaintiff was obligated to pay the allotted fees. On November 9, 2007, in light of RG and the trustee's acquiescence to Plaintiff's request, Judge Lamoutte reopened the case, "subject to the debtor appearing through counsel and payment of reopening fees within thirty days." 06-3693-ESL13, Docket # 29. He also warned that "[i]f [Plaintiff] fail[ed] to comply, the case [would] be dismissed." Id. However, Plaintiff failed to comply with said order, and as a result the case was once again dismissed, and finally closed on October 17, 2008. 06-3693-ESL13, Docket # 31.

This Court further notes that in her Opinion and Order, Judge De Jesús also pointed out that the dismissal was never set aside, and in light of Plaintiff's non compliance, the case was eventually closed. 08-8211-SEK13, Docket #53. Moreover, Judge De Jesús expressly rejected Plaintiff's arguments that the automatic stay was in effect at the date of the foreclosure. As a matter of fact, she held that the automatic stay was lifted by operation of 11 U.S.C. § 362(c)(1)(A) & (B), upon dismissal and closure of the case. 08-8211-SEK13, Dockets ## 42 & 53.

Lastly, as RG correctly points out, Plaintiff's withdrawal of reference involves a clear bankruptcy issue: whether the automatic stay was in effect when Plaintiff's property was sold at auction. See 11 U.S.C. § (c)(2)(A) & (B). As such, this Court finds that whether the automatic stay was in effect is a core issue which is better left for the bankruptcy court to decide, and in the present case, it has already been decided by said forum. As a result, Plaintiff's withdrawal of reference on this issue is **DENIED**.

*Discrimination claims*

As to Plaintiff's claims of discrimination, they have properly addressed by the district court in 08-1252 (ADC), and as a result, Plaintiff is barred from revisiting said issues.

This Circuit's case law has held that "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the *res judicata* policy of avoiding judicial waste.'" Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003) (citing Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir. 1990)).[6] The First Circuit has further held that when the judgment for a prior case is "entered by a federal court exercising federal question jurisdiction, the applicability of *res judicata* and collateral estoppel is a matter of federal law." See Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 89 (1st Cir.2007). Under the *res judicata* doctrine, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Barreto-Rosa v. Varona-Mendez 393 F. Supp. 2d 122,126 (D.P.R. 2005); Coors Brewing Co. v. Mendez-Torres, No. 07-2682, 2009 U.S. App. LEXIS 6638, *10 (1st Cir. 2009) (citing Perez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980))). The foregoing "prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Apparel Art Int'l v. Amertex Enters., 48 F.3d 576, 583 (1st Cir. 1995).

---

[6] *Sua sponte* dismissal on *res judicata* grounds can only occur when the defense is "definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice. The second condition is that the facts so gleaned must conclusively establish the affirmative defense." Banco Santander de P.R., 324 F.3d at 16 (citing Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1999).

To trigger *res judicata*, also known as claim preclusion, there must be "'(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.'" Coors Brewing, No. 07-2682, 2009 U.S. App. LEXIS 6638 at *10 (citations ommitted); Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33 (1st Cir. 2004) (citing Banco Santander de P.R., 324 F.3d at 15 (internal quotation marks omitted). There is no controversy as to the fact that a final judgment was issued in 08-1252 (ADC). Therein, as to Plaintiff's discrimination claims, Judge Delgado noted that Plaintiff failed to present valid defenses to the foreclosure procedures before the Humacao Superior Court, that Plaintiff was duly represented by counsel, and the foreclosure proceedings were properly conducted. Therefore, the first factor is met.

As to the second factor, the First Circuit has held that when two separate suits involve sufficiently identical causes of action, a judgment in an earlier action precludes litigation of claims in a subsequent action. Apparel Art, 48F.3d at 583. This Circuit has adopted the methodology of the Restatement (Second) of Judgments in defining the cause of action for *res judicata* purposes. Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5 (1st Cir. 1985). Accordingly, in order to determine the identity of the underlying claims or causes of action, a cause of action is defined as a set of facts which can be characterized as a single transaction or a series of related transactions. Manego, 773 F.2d at 5. As a result, the cause of action is a transaction that is identified by a common nucleus of operative facts. Id. Although a set of facts may give rise to multiple claims based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action. Id. In order to determine whether a party has advanced claims in multiple litigations which derive from the same nucleus of operative facts, this Court may consider: 1) whether the

facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations. Apparel Art, 48F.3d at 583. Additionally, in determining whether there is an identity of causes, a court must analyze the object or matter over which the action is being brought. Arroyo v. K-Mart Inc., 81 F. Supp. 2d 301, 306 (D.P.R. 1999). The requirement is that there be an identity of causes, that is, the principal basis or origin of the action. Id. at 307 (citations omitted).

Thus, this Court must determine whether the facts set forth by Plaintiff in the instant complaint arise from the same nucleus of operative facts as those that were adjudicated by the prior judgments of the district and bankruptcy courts. Clearly, the prior suits, and the present motion arise out of the foreclosure of Plaintiff's home, that is, from the same nucleus of operative facts. Since the identity of causes requirement does not prevent the *res judicata* doctrine from being applied to a second case simply because the plaintiff alleges a new legal theory in it, the fact that Plaintiff now alleges disability discrimination under ADA is irrelevant. Id. (Citing Futura Development. v. Centex Corp., 761 F.2d 33, 44 (1st Cir. 1985). In the present case, while it might seem at first glance that a dismissal with prejudice of the first complaint would not bar the second one, *res judicata* precedent is clear: issues that could have been brought up in a previous action for which judgment has been rendered are precluded from re-litigation. Barreto-Rosa 470 F.3d at 45. Although a set of facts may give rise to multiple claims based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action for purposes of *res judicata*.[7] Kale v. Combined Ins. Co., 924 F.2d 1161, 1166 (1st Cir. 1991).

---

[7] This Court has enumerated several factors which are useful in determining whether a party has advanced claims in multiple litigations which derive from the same nucleus of operative facts. Apparel Art, 48 F.3d at 584. These factors include: 1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a

Merely alleging a new legal theory does not preclude the application of *res judicata*. Arroyo, 81 F. Supp. 2d at 306 (citing Futura Development, 761 F.2d at 44). Thus Plaintiff cannot retiligate issues that were, or could have been raised, in 08-1252 (ADC). Since the causes of action of the suits are identical, the second factor is also satisfied.

Finally, this Court must determine whether the defendants in all cases are identical, or sufficiently in privity, to satisfy the third element. Banco Santander de P.R., 324 F.3d at 17. Upon reviewing the record, this Court finds that Plaintiff's claims have always been directed towards RG. Therefore, the defendant is identical in both suits.

Lastly, this Court notes that Plaintiff's proper recourse after the Humacao Superior Court's judgment was to file a timely appeal to the Puerto Rico Court of Appeals, and subsequently to the Puerto Rico Supreme Court. However, Plaintiff filed the same two years after the Humacao Superior Court's 2005 judgment of foreclosure, thus his petition was dismissed for lack of jurisdiction. See Docket # 9, n. 2; *R & G Mortgage Corp. v. Osvaldo Jimenez*, 2007 P.R. App. Lexis 2773. Moreover, Plaintiff's appeal of Judge Delgado's order of dismissal in 08-1252 (ADC) was affirmed by Court of Appeals for the First Circuit. See Docket # 11-2. As such, the dismissal of Plaintiff's discrimination claims was affirmed. In addition, as the First Circuit pointed out, Plaintiff's allegations are devoid of specific facts, beyond mere speculation, that RG's acts were taken on account of his disability.

**Conclusion**

Based on the foregoing, Plaintiff's withdrawal of reference is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March, 2010.

---

unit conforms to the parties' expectations. Id.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge